NATHAN F. CAMP, plaintiff in error, vs. BANCROFT, BETTS & MARSHALL, defendants in error.

In Equity, from Butts county.   Decided by Judge CABINESS, at July adjourned Term, 1857.

Nathan F. Camp executed a mortgage of two slaves to Bancroft, Betts & Marshall, merchants of the city of Charleston, South Carolina, to secure two promissory notes given by said Nathan F. and his brother, James B. Camp.   The mortgage bears date 7th January, 1856.   The notes are of the same date, and one for $535 56, due ten months after date; the other for $1383 39, and due 1st May, 1857.

Before these notes became due, Bancroft, Betts & Marshall, apprehending that the negroes mortgaged would be removed from the State and their debts lost, filed their bill of *quia timet* against Nathan F. Camp, the mortgagor, and prayed that he might be required to give security for the production and forthcoming of said slaves to answer complainants' demands. The bill was sanctioned by the Chancellor, and Camp ordered to give the security prayed for.   This bill was filed and sanctioned 1st July, 1856.

About the same time, Nathan F. Camp filed his bill against Bancroft, Betts & Marshall, alleging the foregoing facts, and

Camp vs. Bancroft, Betts & Marshall.

claiming that the large note, for $1383 39, mentioned in said mortgage, was given and executed by himself and his brother, for and in lieu of two other notes, then held by Bancroft, Betts & Marshall, against said James B. Camp, and which notes they agreed to deliver to him, Nathan F., but which they have failed and refused to do, and complainant thereby prevented from collecting, or taking any steps to collect said notes; whereby he has been greatly damaged, and prays that said defendants be enjoined from negotiating said note against him and his brother, and that the demand of said Bancroft, Betts & Marshall be abated or reduced an amount equal to said two notes which they represented they held upon said James B. Camp, and which they agreed to deliver to complainant as aforesaid.

At the July adjourned Term of Butts Superior Court, complainant moved to amend his bill, by alleging that since the filing of his original bill, Bancroft, Betts & Marshall have taken steps to foreclose their mortgage and have caused a *fi. fa.* to issue, which has been levied upon the negroes mortgaged ; that defendants reside beyond the limits and jurisdiction of this State, and complainant can have no adequate remedy against them except by obtaining a credit here, upon their demands, for the amount of damage he has sustained by their actions and refusals in the premises. That said notes of James B. Camp, have never been returned or delivered to him, and from all the circumstances he does not believe said notes ever existed; and prays that defendants be enjoined from collecting so much of their demand as is equal to said notes, to-wit: $1383 39 ; and from collecting and enforcing their said mortgage *fi. fa.* to this amount.

Counsel for defendants objected to the amendment. The Court, after argument, sustained the objection and refused to allow the amendment, and counsel for complainant excepted.

D. J. BAILEY, for plaintiff in error.

JNO. J. FLOYD, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The matter of the proposed amendment, was matter of "substance." The amendment act of 1854, says, That "plaintiffs and defendants," "whether at law, or in equity, may in any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form, or matter of substance."

This plaintiff, then, we think, had the right to add the proposed amendment, to his bill.

Judgment rever sed